**MCGUIRE LAW, P.C.**
Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (admitted *pro hac vice*)
Brendan Duffner (admitted *pro hac vice*)
Jordan R. Frysinger (admitted *pro hac vice*)
Donald S. Cuba II (admitted *pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

*Attorneys for Plaintiff and the Putative Class Members*

**KEKER VAN NEST & PETERS LLP**
Robert A. Van Nest (# 84065)
Sophie Hood (# 295881)
Christopher S. Sun (# 308945)
Christina Lee (# 314339)
Eric K. Phung (# 346625)
Celina S. Malave (# 347808)
Lisa C. Lu (# 364259)
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415) 391-5400
Fax: (415) 397-7188
Email: rvannest@keker.com
Email: shood@keker.com
Email: csun@keker.com
Email: clee@keker.com
Email: ephung@keker.com
Email: cmalave@keker.com
Email: llu@keker.com

*Attorneys for Defendant Cerebras Systems Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS H. JAMES, individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> CEREBRAS SYSTEMS INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:25-cv-09361-AMO <br><br> **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** <br><br> Date:   March 12, 2026 <br> Time:   10:00 AM <br> Judge:  Hon. Araceli Martinez-Olguin |

1

Pursuant to the Court's Order dated December 3, 2025 (ECF No. 27), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Darius H. James ("Plaintiff") and Defendant Cerebras Systems Inc. ("Cerebras" or "Defendant") met and conferred on February 19, 2026, and hereby submit this Joint Case Management Statement and Rule 26(f) Report.[1]

I. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because the action arises under the Copyright Act, 17 U.S.C. § 501, *et seq*. ("Copyright Act"). This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District. This case is properly assigned to this Division because, under Civil Local Rule 3-2(c), Plaintiff may elect to file a case pertaining to intellectual-property rights in any Division within the District. Defendant was properly served with Plaintiff's Class Action Complaint. (ECF No. 1) ("Complaint"). Defendant does not dispute that jurisdiction and venue is proper in this district.

II. **FACTS**

   a. **Plaintiff's Statement**

Plaintiff Darius H. James is an author who owns registered copyrights in *Negrophobia: an urban parable* (Registration No. TX0003372564, registered August 5, 1992) and *That's Blaxploitation!: Roots of the Baadasssss 'Tude* (Registration No. TX0004193939, registered January 3, 1996). In April 2023, Defendant Cerebras Systems Inc. publicly released its Cerebras-GPT family of large language models (LLMs). Defendant used a pre-training dataset called "The Pile" to train these models. The Pile includes a subset called "Books3" containing approximately 196,640 books allegedly derived from the Bibliotik private tracker. Plaintiff's copyrighted works are among the works included in the Books3 dataset. Defendant copied, stored, and used Plaintiff's copyrighted works without authorization to train its Cerebras-GPT models, thereby directly

---

[1] The matter before this Court is complex, and in order to properly apprise the Court of the Parties' differing positions, they believe that departure from the default ten-page limit is necessary.

infringing Plaintiff's copyrights. Plaintiff's Complaint was filed October 30, 2025. (ECF No. 1). Defendant answered February 2, 2026. (ECF No. 31).

Plaintiff and the Class's claims arise specifically from the illegal pirating of their works, creating backups, and creating numerous copies in various repositories. Such copies were retained illegally and indefinitely and such conduct, in addition to the actual use of such works to train its models, constitute violations of Plaintiffs' and the Class members' copyrights.

b. **Defendant's Statement**

Cerebras is a hardware technology company that designs and manufactures specialized high-performance computing systems for artificial intelligence ("AI") and scientific computing. Its core innovation is the Wafer-Scale Engine, a specialized AI chip designed to enable efficient training of large neural networks that are difficult to run on conventional hardware architectures such as graphics processing units ("GPUs").

To demonstrate the capabilities of its hardware for training large models, Cerebras developed Cerebras-GPT, a family of open-source large language models for research that Cerebras described and published in a research paper. At the time, there was limited open-source, public material on how language models of different sizes—particularly very large models—could be trained and scaled, and the Cerebras-GPT paper was intended to help fill that gap with a reproducible research experiment. Cerebras developed and released Cerebras-GPT solely as a research and demonstration project and has never offered Cerebras-GPT as a consumer product or marketed any consumer-facing content-generation platform.

Cerebras trained the Cerebras-GPT models using portions of "The Pile," a large, publicly documented dataset that was widely used in academic machine learning research. Cerebras selected The Pile because it was a standard benchmark corpus familiar and available to the research community, making it ideal for reproducible experimentation. Plaintiff alleges that Cerebras infringed his copyrights by using The Pile, which allegedly contained the dataset Books3 and which

allegedly contained two of Plaintiff's copyrighted works, to train Cerebras-GPT. Cerebras denies that its training activities infringed any copyrights.

During training, the Cerebras-GPT models processed text not as works to be read or reproduced, but as input from which to learn statistical relationships among "tokens"—basic units of text such as words, word fragments, or punctuation represented numerically. The research models were repeatedly presented with short sequences of tokens, asked to predict the next token, and adjusted when those predictions were incorrect. Through this iterative process, the models learned abstract patterns about language structure and usage across many texts, rather than information tied to any particular passage or document.

The training process thus transforms the text of works in the aggregate into model parameters and statistical relationships. It focuses on the facts and relationships between tokens—not the expressive content contained within any particular work. Indeed, the trained research models do not retain training data in retrievable form, do not function as substitutes for the training materials, and do not cause any harm to the actual or potential markets for Plaintiff's works within the meaning of the fourth fair use factor under 17 U.S.C. § 107. Cerebras's alleged use of The Pile to train Cerebras-GPT for research and demonstration purposes therefore does not infringe any copyright and is protected under the fair use doctrine. And Plaintiff's reference to "repositories" and retained copies—allegations not raised in the Complaint—does not materially change this analysis. Any alleged interim storage or duplication inherent in the model-training process is part of the same transformative use for training purposes under § 107.

### III. LEGAL ISSUES

#### a. Plaintiff's Statement

As reflected in Plaintiff's Complaint, the principal legal issues presented in this case include, but are not limited to, the following:

(1) Whether Defendant's use of copyrighted works to train LLMs constitutes fair use under 17 U.S.C. § 107;

(2) Whether Defendant's alleged use satisfies the elements of direct copyright infringement under 17 U.S.C. § 501;

(3) Whether any copying was de minimis or involved only unprotectable elements;

(4) Whether this action satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3);

(5) Whether Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), actual damages and profits under § 504(b), injunctive relief under § 502, or attorneys' fees under § 505;

(6) Whether any infringement was willful or innocent.

**Defendant's Statement**

Cerebras denies any liability for the alleged unauthorized use of any of Plaintiff's or putative class members' registered copyrighted works during the training of the Cerebras-GPT models. Cerebras summarizes the legal issues as follows:

1. Whether Cerebras directly infringed registered copyrights owned by Plaintiff Darius James pursuant to 17 U.S.C. § 501;

2. Whether Cerebras's alleged use of Plaintiff's books to train a large language model for research and demonstration purposes is a fair use under 17 U.S.C. § 107;

3. Whether any alleged infringement under 17 U.S.C. § 501 by Cerebras was innocent and not willful;

4. Whether Plaintiff can meet his burden of establishing that any class can be certified;

5. Whether Plaintiff's and putative class members' alleged copyrights in their works are invalid or unenforceable, thereby causing them to lack standing to assert their claims;

6. Whether Plaintiff's and putative class members' claims to copyrights in their works are subject to an express or implied license, assignment, transfer, waiver, abandonment, forfeiture, merger, and/or doctrines of other equitable defenses;

Cerebras reserves the right to raise additional issues that become relevant as a result of any new claims, defenses, or counterclaims.

Furthermore, Cerebras believes that fair use can dispose of this case and should be resolved before consideration of class certification because the fair use defense may moot class certification questions and dramatically streamline, if not dispose of, the case. *See Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 134–35 (2d Cir. 2013) ("[R]esolution of Google's fair use defense in the first instance will necessarily inform and perhaps moot our analysis of many class certification issues." (collecting cases)). Indeed, several judges in this district have recently adopted this sequencing approach in similar putative class actions where plaintiffs brought copyright-infringement claims based on the training and operation of machine-learning technologies.

- In *O'Nan v. Databricks, Inc. et al.*, Judge Breyer adopted the defendants' proposed case schedule, which provided for a phased approach where discovery and summary judgment briefing on fair use would occur in the first phase of the case. No. 3:24-cv-01451-CRB, Dkt. No. 53 (N.D. Cal. Mar. 8, 2024).

- In *Nazemian v. NVIDIA Corp.*, Judge Tigar ordered the parties to "file summary judgment motions on the question of fair use prior to this Court's consideration of whether to certify this case as a class action." Case No. 24-cv-01454-JST, Dkt. No. 69 (N.D. Cal. Sept. 9, 2024).

- In *Kadrey et al. v. Meta Platforms, Inc.,* Judge Chhabria ordered that summary judgment on fair use proceed before class certification "given all the expense and difficulty that would be . . . involved with class certification." Case No. 3:23-cv-03417-VC, Dkt. No. 85 at 4:1–18 (N.D. Cal. Jan. 12, 2024).[2]

---

[2] Judge Chhabria's Standing Order for Civil Cases expressly encourages parties in a putative class action to consider whether motions for "summary judgment on liability with respect to the named plaintiffs" should be filed "before litigating the issue of class certification" because "this approach will often save a great deal of time and money." *See* Standing Order for Civil Cases Before Judge Vince Chhabria ¶ 52, https://cand.uscourts.gov/sites/default/files/standing-orders/VC-Civil-Standing-Order-2025-06-27.pdf (last accessed March 3, 2026).

- In *Bartz v. Anthropic PBC*, Judge Alsup granted Anthropic's request to proceed with summary judgment on fair use and resolved that motion before addressing class certification issues. 787 F. Supp. 3d 1007, 1018 (N.D. Cal. 2025).

The Court should follow a similar approach in this case and adopt Cerebras's proposed schedule below, with discovery and motions for summary judgment on fair use taking place prior to discovery and motions for class certification.

### IV. MOTIONS

There has been no prior motion practice, and no motions are currently pending before the Court. Plaintiff intends to file a motion for class certification and both Plaintiff and Defendant anticipate filing motions for summary judgment in accordance with a case schedule to be set by the Court. *See* Section XV (Scheduling).

### V. AMENDMENT OF PLEADINGS

Plaintiff reserves his right to file an amended Complaint at an appropriate time and in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, and the Standing Order for Civil Cases Before Judge Araceli Martinez-Olguin, including to the extent any order from the Court requires or permits further amendment.

### VI. EVIDENCE PRESERVATION

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

### VII. DISCLOSURES

The Parties conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure on February 19, 2026. Pursuant to Rule 26(a)(1)(C) and the proposed discovery schedule below, the Parties anticipate serving Rule 26(a)(1) initial disclosures by March 5, 2026. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

## VIII. DISCOVERY

The Parties anticipate drafting and submitting a protective order to facilitate the exchange of discovery will likely be necessary. Counsel will meet and confer regarding a stipulated protective order regarding confidential information.

### a. Plaintiff's Statement

Plaintiff proposes a unified discovery schedule with merits and class certification discovery proceeding simultaneously. Rule 23(c)(1)(A) directs courts to determine class certification "at an early practicable time" after a class action is filed. Deferring class certification discovery as Cerebras proposes until after summary judgment inverts this design and transforms the Rule 23 inquiry into a procedural afterthought rather than an early structural determination.

### b. Defendant's Statement

Cerebras proposes a phased approach to discovery. The first phase would focus primarily on discovery pertaining to Plaintiff's copyright claim and Cerebras's affirmative defense of fair use. At the conclusion of the first phase, Cerebras anticipates dispositive briefing on the issue of fair use. Should any claim remain after dispositive briefing on the issue of fair use, the second phase of discovery would pertain to class certification.

## IX. CLASS ACTIONS

### a. Plaintiff's Statement

Plaintiff is entitled to maintain this action under Fed. R. Civ. P. 23 (a) and (b). Even in the absence of document production and/or oral testimony, Plaintiff is confident that he will be able to satisfy the requirements of Fed. R. Civ. P. 23 based on the answers and admissions contained in Defendant's Answer (Dkt. 31), as well as Plaintiff's independent investigation.

Cerebras's proposed sequencing—summary judgment on fair use first, class certification later if needed—is neither the norm in this district nor appropriate given the particular posture of AI copyright class actions – or this case. Class certification should proceed first, or at minimum simultaneously with any summary judgment motion, consistent with the approach taken by Judge

1  Alsup and Judge Lin in the two most directly analogous cases in this district – both of which
2  involved Books3 and "The Pile". See *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA, Dkts. 46,
3  50 (N.D. Cal. Feb. 25, 2025) (ordering the deadline for class certification to occur before the
4  deadline for summary judgment); *Id.*, Dkt. 95 (modifying scheduling order and ordering
5  simultaneous briefing on class certification and summary judgment); *James v. Together Computer,*
6  *Inc.,* No. 3:25-cv-09578-RFL, Dkt. 30 (N.D. Cal. Feb. 18, 2026) (also ordering non-bifurcated
7  discovery in near identical AI copyright case); *James v. Snowflake Inc.*, No. 2:25-cv-00108-BMM,
8  Dkt. 25 (D. Mont. Feb. 17, 2026) (parties submitting joint discovery plan with simultaneous briefing
9  on class certification and summary judgment for which the court indicated it will enter).

Cerebras's proposed sequencing is also contrary to the practical realities of this case. In an AI training dataset case involving Books3 and The Pile, merits and class discovery are not cleanly separable inquiries — they are largely the same inquiry. To establish infringement, Plaintiff and the Class must show what works were acquired (and how) and how they were ingested, processed, and what copies were made and retained through Cerebras's training pipeline. Whether substantially the same process was applied to every class member's work through the same automated pipeline, without individualization will also inform whether class certification is appropriate. The answer to the merits question is the answer to the class question. The same documents, the same witnesses, and the same technical record bear on both.

Bifurcating these inquiries would require duplicative discovery, serial briefing on the same underlying facts, and unnecessary delay — the precise inefficiency that Rule 23(c)(1)(A)'s mandate to determine class certification "at an early practicable time" is designed to prevent. See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (recognizing that class certification analysis will frequently overlap with the merits). Moreover, even a favorable summary judgment ruling limited to Plaintiff's individual claims would not resolve the class-wide claims. Cerebras's proposal would thus achieve delay without corresponding efficiency. Any amendment would also further complicate discovery.

1  Plaintiff respectfully requests that the Court set class certification and any summary judgment briefing on a simultaneous schedule.

### b. Defendant's Statement

Cerebras disputes Plaintiff's class certification arguments and maintains that the proposed putative class cannot be certified under the requirements of Rule 23. Cerebras also believes that consideration of class certification issues would be inappropriate and inefficient until after the Court rules on a dispositive motion on Cerebras's affirmative defense of fair use. *See Authors Guild, Inc.*, 721 F.3d at 134–35 (vacating the district court's order certifying the proposed class and remanding to the district court to first resolve the issue of fair use in a copyright case involving the alleged infringement of books).

Accordingly, as described in Section III (Legal Issues) and Section VIII (Discovery), Cerebras believes that a phased approach to discovery is most efficient in this case. The first phase would focus primarily on discovery pertaining to Plaintiff's copyright claim and Cerebras's affirmative defense of fair use. At the conclusion of the first phase, Cerebras anticipates dispositive briefing on the issue of fair use. Should any claims remain after dispositive briefing on the issue of fair use, the second phase of discovery would pertain to class certification.

Furthermore, Plaintiff's assertion that phased discovery would result in duplicative or inefficient discovery is incorrect. Cerebras does not seek full bifurcation, but rather a focused first phase directed to Plaintiff's copyright claim and Cerebras's affirmative defense of fair use. If the Court grants summary judgment on fair use, no class discovery will be necessary at all. By contrast, Plaintiff's proposal would require the parties to undertake burdensome and premature class-wide discovery at the outset. None of the cases cited by Plaintiff warrant finding otherwise. In *Bartz*, Judge Alsup ultimately resolved summary judgment regarding fair use prior to resolving the issue of class certification. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1018 (N.D. Cal. 2025); *Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1050 (N.D. Cal. 2025). And in both of the other cases cited by Plaintiff, the Court merely adopted the parties' jointly submitted case schedules where

there was no dispute about the sequencing of summary judgment and class certification. *See James v. Together Computer, Inc.*, No. 3:25-cv-09578-RFL, Dkt. 29 at 9 (N.D. Cal. Feb. 11, 2026); *James v. Snowflake Inc.*, No. 2:25-cv-00108-BMM, Dkt. 25 (D. Mont. Feb. 17, 2026). Indeed, as noted above, several judges in this district have taken the approach proposed by Cerebras. *See, e.g.*, *O'Nan*, No. 3:24-cv-01451-CRB, Dkt. No. 53 (Judge Breyer); *Nazemian*, Case No. 24-cv-01454-JST, Dkt. No. 69 (Judge Tigar); *Kadrey*, Case No. 3:23-cv-03417-VC, Dkt. No. 85 (Judge Chhabria). In *O'Nan v. Databricks*, No. 3:24-cv-01451-CRB, Dkt. No. 53, a case where the court received competing proposals similar to here, Judge Breyer adopted defendants' phased discovery approach. The same efficiency considerations apply here.

Even if this case were to survive summary judgment on the fair use defense, Cerebras contends that this action should not be certified as a class action and is not aware of facts showing that Plaintiff is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b). Cerebras intends to oppose any motion for class certification at the appropriate time.

## X. RELATED CASES

Based on Parties' reading of Civil Local Rule 3-12(a), there are no "Related Cases."

## XI. RELIEF

### a. Plaintiff's Statement

Plaintiff seeks judgment against Defendant in favor of the proposed Class, including the following relief: (i) an order certifying the Class, naming Plaintiff as Class Representative, and naming Plaintiff's attorneys as Class Counsel to represent the Class; (ii) an order declaring that Defendant's conduct violates 17 U.S.C. § 501; (iii) an award of statutory and other damages under 17 U.S.C. § 504 for violations of the copyrights of Plaintiff and the Class by Defendant; (iv) reasonable attorneys' fees and reimbursement of costs under 17 U.S.C. § 505 or otherwise; (v) a declaration that such infringement is willful; (vi) destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiff and the Class, under 17 U.S.C. § 503(b); (vii) pre- and post-judgment interest on the damages awards to Plaintiff and the

1 Class, and that such interest be awarded at the highest legal rate from and after the date Plaintiff's
2 class action Complaint was first served on Defendant; (viii) further relief for Plaintiff and the Class
3 as the Court deems appropriate. Plaintiff states that a computation of damages is premature at this
4 time as it is unknown how many infringing works were copied by Defendant.

   **b.** **Defendant's Statement**

Cerebras denies liability and denies that Plaintiff is entitled to any of the relief sought. Cerebras does not seek relief or damages from Plaintiff at this time.

**XII.** **SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5, the Parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," discussed with each other the available dispute resolution options provided by the Court and private entities, and considered whether this action might benefit from the available dispute resolution options.

**XIII.** **OTHER REFERENCES**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge.

**XIV.** **NARROWING OF ISSUES**

The Parties believe that discovery is necessary to know if there is a potential to limit issues raised in Plaintiff's Complaint or Defendant's Answer. (ECF No. 22). At this time, the Parties have no proposals for narrowing the issues presented by this action.

**XV.** **SCHEDULING**

   **a.** **Plaintiff's Statement**

As explained *supra*, Plaintiff proposes a unified and complete discovery schedule. Given the significant overlap between merits and class discovery the most efficient schedule is one which contemplates the completion of *all* discovery and subsequent simultaneous briefing. A near identical schedule to Plaintiff's proposal below was recently entered by Judge Lin in a nearly identical case.

*James v. Together Computer, Inc.*, No. 3:25-cv-09578-RFL, Dkt. 30 (N.D. Cal. Feb. 18, 2026). Plaintiff respectfully requests the Court enter the following schedule:

| Case Event | Plaintiff's Proposed Date |
|---|---|
| **Discovery open for all purposes** | February 19, 2026 |
| **Exchange of initial disclosures** | March 5, 2026 |
| **Last day to amend pleadings** | May 27, 2026 |
| **Close of fact discovery** | March 5, 2027 |
| **Opening expert report(s)** | May 4, 2027 |
| **Rebuttal expert report(s)** | June 3, 2027 |
| **Reply/surrebuttal expert report(s)** | July 7, 2027 |
| **Close of expert discovery** | August 5, 2027 |
| **Plaintiff's motion for class certification, both Parties' motions for summary judgment and *Daubert* motions** | September 9, 2027 |
| **Defendant's opposition to class certification, oppositions to motion(s) for summary judgment and *Daubert* motions** | October 27, 2027 |
| **Plaintiff's reply in support of motion for class certification, replies in support of motion for summary judgment and *Daubert* motions** | December 15, 2027 |
| **Hearing on class certification, summary judgment, and *Daubert* motions** | To be determined by the Court |

b. **Defendant's Statement**

As discussed in Section III (Legal Issues) and Section IX (Class Action) above, Cerebras proposes a phased approach that would allow the Court and parties to address the key gating issue of fair use efficiently. And as described in those sections, Judge Breyer recently adopted a similar phased schedule in the *O'Nan* case, where he adopted a phased case schedule that provided for

discovery and summary judgment briefing on fair use to occur in the first phase of the case, prior to addressing class certification.

Accordingly, Cerebras respectfully proposes a schedule for fact and expert discovery focused primarily on Plaintiff's copyright claim and the issue of fair use, followed by dispositive motions which focus on fair use. After the Court's ruling on summary judgment on the issue of fair use, if any issues remain, Cerebras proposes further scheduling of proceedings on class certification and determination of a trial date, if necessary, through further Case Management Conferences:

| Case Event | Defendants' Proposed Date |
| --- | --- |
| Discovery Open | February 19, 2026 |
| Exchange of Initial Disclosures | March 5, 2026 |
| Deadline to Amend Complaint | May 27, 2026 |
| Close of Fact Discovery on Fair Use and Plaintiff's Copyright Claims | March 5, 2027 |
| Deadline for Opening Expert Reports on Fair Use and Plaintiff's Copyright Claims | May 4, 2027 |
| Deadline for Rebuttal Expert Reports | June 3, 2027 |
| Deadline for Reply/Surrebuttal Expert Reports | July 7, 2027 |
| Close of Expert Discovery | August 5, 2027 |
| Deadline for Summary Judgment Motions on Fair Use and Plaintiff's Copyright Claims.[3] | September 9, 2027 |

---

[3] In accordance with the Court's Standing Order, which requires leave of the Court for a party to file more than one summary judgment motion, Cerebras reserves its right to request leave to move for summary judgment on any other issues remaining after resolution of its intended motion for summary judgment on the case-dispositive issue of fair use.

| | |
|---|---|
| **Deadline for Oppositions to Summary Judgment Motions** | October 27, 2027 |
| **Deadline for Replies to Summary Judgment Motions** | December 15, 2027 |
| **Hearing on Summary Judgment Motions Related to fair use** | To be set by the Court. |

## XVI. TRIAL

Plaintiff demands a jury trial. The parties request that the expected length of the trial, the date of the trial, and other trial-related issues be addressed following the Court's ruling on summary judgment and/or class certification.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. (ECF No. 13). Plaintiff intends to file his Certification of Interested Entities or Persons in short order.

Other than the putative Class members, the parties are unaware of any additional non-party interested entities or persons at this time.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guideline for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

The parties have no other matters to raise at this time.

Respectfully submitted,

Dated: March 5, 2026

By: /s/ *Jordan R. Frysinger*

MCGUIRE LAW, P.C.
Eugene Y. Turin (SB # 342413)

|   |   |
|---|---|
|   | 1089 Willowcreek Road, Suite 200<br>San Diego, CA 92131<br>Tel: (312) 893-7002 Ex. 3<br>Fax: 312-275-7895<br>Email: eturin@mcgpc.com<br><br>David L. Gerbie (*pro hac vice*)<br>Brendan Duffner (*pro hac vice*)<br>Jordan R. Frysinger (*pro hac vice*)<br>Donald S. Cuba II (*pro hace vice*)<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>Tel: (312) 893-7002<br>Fax: (312) 275-7895<br>Email: dgerbie@mcgpc.com<br>Email: bduffner@mcgpc.com<br>Email: jfrysinger@mcgpc.com<br>Email: dcuba@mcgpc.com<br><br>*Counsel for Plaintiff and the Putative Class Members* |
| Dated: March 5, 2026 | By: /s/   Christina Lee |
|   | **KEKER VAN NEST & PETERS LLP**<br>Robert A. Van Nest (# 84065)<br>Sophie Hood (# 295881)<br>Christopher S. Sun (# 308945)<br>Christina Lee (# 314339)<br>Eric K. Phung (# 346625)<br>Celina S. Malave (# 347808)<br>Lisa C. Lu (# 364259)<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Tel: (415) 391-5400<br>Fax: (415) 397-7188<br>Email: rvannest@keker.com<br>Email: shood@keker.com<br>Email: csun@keker.com<br>Email: clee@keker.com<br>Email: ephung@keker.com<br>Email: cmalave@keker.com<br>Email: llu@keker.com<br><br>*Attorneys for Defendant Cerebras Systems Inc.* |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)**

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: March 5, 2026                                By: /s/     *Jordan R. Frysinger*