**MCGUIRE LAW, P.C.**
Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ext. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (admitted *pro hac vice*)
Brendan Duffner (admitted *pro hac vice*)
Jordan R. Frysinger (admitted *pro hac vice*)
Donald S. Cuba II (admitted *pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

**LIEFF CABRASER HEIMANN &**
 **BERNSTEIN, LLP**
Daniel M. Hutchinson (SB 239548)
Anne B. Shaver (SB 255928)
Amelia H. Haselkorn (SB 339633)
Alison C. Fraerman (SB 351981)
275 Battery St., 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Email: dhutchinson@lchb.com
Email: ashaver@lchb.com
Email: ahaselkorn@lchb.com
Email: afraerman@lchb.com

Rachel J. Geman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
250 Hudson St., 8th Floor
New York, NY 10013
Tel: (212) 355-9500
Email: rgeman@lchb.com
Email: spetterson@lchb.com

*Counsel for Plaintiff and the Putative Class Members*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DARIUS H. JAMES, individually and on behalf of similarly situated individuals,<br><br>                              Plaintiff,<br><br>       v.<br><br>CEREBRAS SYSTEMS INC.,<br>a Delaware corporation,<br><br>                              Defendant. | Case No. 3:25-cv-09361-AMO<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:        July 16, 2026<br>Time:        2:00 p.m.<br>Judge:      Hon. Araceli Martínez-Olguín |

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION

ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2026, at 2:00 p.m., or as soon as this matter may be heard in the above-entitled court, before the Honorable Araceli Martínez-Olguín, United States District Judge of the Northern District of California, located in Courtroom 10, of the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff will, and hereby does, move for leave to file his First Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiff seeks an order granting his Motion for Leave to File First Amended Complaint to: (1) add three additional Plaintiffs Charles Kaiser, Mary Pilon, and Lise Haines; (2) amend his pleadings in light of Plaintiff's continued investigation into Defendant's creation and distribution of an LLM training dataset, "SlimPajama," including adding a second cause of action for contributory copyright infringement; and (3) conform the class definition to the amended allegations and a class definition recently certified by Judge Alsup in a similar copyright infringement action against an AI company. This Motion is based on this Notice of Motion, the incorporated Memorandum of Points and Authorities, and all relevant pleadings, evidence, and arguments offered in support thereof.

On May 7, 2026, Plaintiff asked whether Cerebras would consent to amendment under Federal Rule of Civil Procedure 15(a)(2), provided Cerebras with a draft complaint, and indicated that the filed complaint may add one or two plaintiffs, but would not otherwise change the existing allegations, class definition, or causes of action. On May 8, 2026, Plaintiff asked again for Defendant's position. On May 8, 2026, Defendant responded and conditioned its consent upon the complaint not adding any additional plaintiffs and an extension of its response deadline from 21 to 60 days. Plaintiff rejected that proposal.

## <u>MEMORANDUM OF POINTS & AUTHORITIES</u>

### I.   INTRODUCTION

Plaintiff Darius H. James seeks leave to file an Amended Complaint to make three discrete changes to the operative pleading: (1) adding named Plaintiffs Charles Kaiser, Mary Pilon, and Lise Haines; (2) amending his allegations following Plaintiff's continuing investigation into Defendant's creation and distribution of an LLM training dataset, "SlimPajama," including adding a second cause of action for contributory copyright infringement; and (3) conforming the class definition to the amended allegations and a class definition recently certified by Judge Alsup in a similar copyright infringement action against an AI company.

Plaintiff readily satisfies each of the five factors in *Foman v. Davis*, 371 U.S. 178, 182 (1962). In particular, there is no undue delay or dilatory motive, as the proposed amendment comes at the early stages of this case and discovery. Moreover, there are no prior failures to cure deficiencies as this is Plaintiff's first amended complaint and Defendant answered Plaintiff's original complaint. ECF No. 31. Defendant will suffer no undue prejudice from having to take discovery from three additional plaintiffs or from responding to Plaintiff's modified allegations and second cause of action concerning Defendant's creation and distribution of the SlimPajama dataset. Finally, given the early stage of the case, granting Plaintiff's motion will not require altering the case schedule, in particular because Plaintiff will shortly thereafter serve targeted discovery relevant to the new allegations.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Darius H. James filed his Class Action Complaint on October 30, 2025, alleging that Defendant Cerebras Systems Inc. ("Defendant" or "Cerebras") pirated thousands of copyrighted works to use as pre-training data for its Cerebras-GPT large language models. ECF No. 1 (the "Complaint"). Plaintiff James brought claims on behalf of a nationwide class of U.S.-domiciled individuals or entities that own a United States copyright in any work that was copied, stored, or used as pre-training data by Defendant during the Class Period, under 17 U.S.C. § 501 *et seq. Id.* Defendant answered Plaintiff's Complaint on February 2, 2026, ECF No. 31, after which

the parties conferred and filed a Joint Case Management Statement and Rule 26(f) Report on March 5, 2026, ECF No. 36.

After an Initial Case Management Conference on March 12, 2026, the Court entered a scheduling order setting today (May 11, 2026) as the deadline to add parties or amend pleadings. ECF No. 41. Thereafter, Plaintiff James responded to Defendant's 85 requests for production, 10 interrogatories, and 15 requests for admission on April 20, 2026. Defendant served written responses and objections to Plaintiff's first set of requests for production and interrogatories on May 8, 2026. Plaintiff sent Cerebras drafts of a stipulated Protective Order and ESI Protocol on April 30, 2026 and has not yet received any edits or comments from Defendant.

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend pleadings] when justice so requires." "This policy is to be applied with extreme liberality." *Gregg v. Monastery Camp*, 2024 WL 2304564, at *1 (N.D. Cal. May 21, 2024) (Martínez-Olguín, J.) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). In deciding whether to permit amendments, courts consider: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failures to cure deficiencies by prior amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182.

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original). Accordingly, Cerebras bears the burden of showing why leave to amend should not be granted.

## IV.    ARGUMENT

Each of the five *Foman* factors weighs strongly in favor of granting Plaintiff leave to amend.

### 1.    Plaintiff Did Not Delay in Moving for Leave to Amend.

Plaintiff did not delay in moving for leave to amend, as his request comes within the deadline set by the Court's scheduling order for amending pleadings and at the outset of the case.

ECF No. 41.

### 2. The Amendment is Brought in Good Faith and with No Dilatory Motive.

Cerebras cannot meet its burden to show evidence of unjust delay or other wrongful motive in Plaintiff's amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Plaintiff filed this motion within the deadline for amendment, and permitting amendment will not impact any other case deadlines. There is no indication that Plaintiff is merely "seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Although the Amended Complaint contains new allegations of direct copyright infringement, and a second cause of action for contributory copyright infringement, those allegations are not baseless, as they are supported by a thorough investigation and Defendant's public disclosures.

### 3. There Have Been No Prior Failures to Cure Deficiencies with Prior Amendments.

The third *Foman* factor is inapplicable because this is Plaintiff's first attempt to amend his Complaint.

### 4. Plaintiff's Amendments Do Not Unduly Prejudice Cerebras.

Defendant cannot meet its burden of showing that it would be prejudiced by any of Plaintiff's proposed changes in the Amended Complaint.

*Adding Plaintiffs Charles Kaiser, Mary Pilon, and Lise Haines Will Not Prejudice Defendant*. Cerebras will suffer no prejudice from the addition of the new plaintiffs. As courts in this district have held, "to the extent that some additional discovery may be required, that alone is not enough to constitute prejudice." *Finjan, Inc. v. Check Point Software Techs., Inc.*, 2019 WL 1455333, at *4 (N.D. Cal. Apr. 2, 2019). This is true even in cases where, unlike here, there have already been "significant discovery efforts." *Rao v. Apple Inc.*, 2020 WL 3616317, at *2 (N.D. Cal. July 2, 2020) (collecting cases and granting leave to amend to add two plaintiffs where defendant had "ample time to complete additional discovery of the proposed plaintiffs").

Moreover, it would waste judicial resources if the new plaintiffs were not added to this case and were forced to file separate suits that would involve briefing nearly identical issues and duplicative discovery. *See Lee v. Postmates Inc.*, 2018 WL 4961802, at \*11 (N.D. Cal. Oct. 15, 2018) (granting leave to amend and noting "[a]ny burden from the amendment is also no greater than what [defendant] would face if leave to amend were denied and [plaintiffs] filed their own separate action").

*Plaintiff's Additional Allegations and Cause of Action*. Plaintiff's additional allegations and second cause of action for contributory copyright infringement for Defendant's creation and distribution of the SlimPajama dataset squarely relate to and support Plaintiff's prior allegations regarding Defendant's use of Books3. The allegations are necessary to place the full scope of Defendant's copyright infringement before the Court. Because discovery remains in its earliest stage, where the parties have not even negotiated search terms and custodians yet, Defendant faces no prejudice from defending against these new allegations and second cause of action. *See Gregg*, 2024 WL 2304564, at \*2 (no prejudice to adding three defendants one year into the case); *Artemus v. Louie*, 2017 WL 747368, at \*4 (N.D. Cal. Feb. 27, 2017) ("Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend.").

*Plaintiff's Amended Class Definition*. Plaintiff's amended class definition will not prejudice Cerebras, as it simply conforms the class definition to the amended allegations concerning Defendant's creation and distribution of the SlimPajama dataset. In addition, the amended class definition narrows the class to legal or beneficial copyright owners in copyrights registered with the United States Copyright Office within a specified time period.

Narrowing the class definition to only consider legal or beneficial copyright owners is consistent with the class definition recently certified by Judge Alsup in *Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1051 (N.D. Cal. 2025) (certifying class of "all beneficial or legal copyright owners of the exclusive right to reproduce copies of any book … which was registered with the United States Copyright Office within five years of the work's publication and which was registered with the United States Copyright Office before being downloaded by Anthropic, or

within three months of publication."). Amending the class definition at this early stage will not prejudice Cerebras. *See C.F. v. Lashway*, 2018 WL 348455, at *2 (W.D. Wash. Jan. 10, 2018) (finding no prejudice to defendant in amending class definition, even after denying class certification motion, where "parties have eight more months within which to conduct discovery").

**5.      The Proposed Amendments are not Futile.**

Finally, Plaintiff's proposed amendments are not futile. "Courts rarely deny a motion for leave to amend for reason of futility. Indeed, before discovery is complete, as here, a proposed amendment is futile only if no set of facts can be proved under the amendment which could constitute a valid claim or defense." *Khanna v. Walia*, 2025 WL 2521734, at *3 (N.D. Cal. Sept. 2, 2025) (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014)). The rare circumstances warranting denial of Plaintiff's Motion are not present here. The new plaintiffs, like Plaintiff James, are adequate, typical, and suffered harm due to Defendant's copyright infringement. All proposed additional allegations and the contributory copyright infringement claim are substantiated by Plaintiff's thorough investigation and Defendant's public disclosures.

## V.      CONCLUSION

Because this case is still at a very early stage and there is good cause to allow Plaintiff to file the proposed Amended Complaint, Plaintiff respectfully requests that the Court grant this Motion for Leave to File his First Amended Complaint.

DATED: May 11, 2026                    Respectfully submitted,

DARIUS H. JAMES, individually and on behalf of similarly situated individuals

By: /s/ *Jordan R. Frysinger*

**MCGUIRE LAW, P.C.**
Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131

Tel: (312) 893-7002 Ext. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (*pro hac vice*)
Brendan Duffner (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
Donald S. Cuba II (*pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

Daniel M. Hutchinson (SBN 239458)
Anne B. Shaver (SBN 255928)
Amelia Haselkorn (SBN 339633)
Alison Fraerman (SBN 351981)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
ashaver@lchb.com
ahaselkorn@lchb.com
afraerman@lchb.com

Rachel Geman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
spetterson@lchb.com

*Counsel for Plaintiff and the Putative Class
Members*

**CERTIFICATE OF SERVICE**

I, Jordan R. Frysinger, an attorney, certify that on May 11, 2026, I filed the foregoing *Notice of Motion and Motion for Leave to File First Amended Complaint* and supporting papers via the Court's CM/ECF electronic filing system. A copy of said documents will be electronically transmitted to all counsel of record.

/s/ *Jordan R. Frysinger*